IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES FITZPATRICK,

    Plaintiff,

vs.                                          No. CV 18-00735 MV/KBM

BETTY JUDD, et al.,

    Defendants.

**ORDER ON PENDING MOTIONS**

THIS MATTER is before the Court on the letter request for appointment of counsel (Doc. 3), letter motion to amend the complaint (Doc. 5), letter motions to compel (Doc. 7, 9), and letter requests "[a]mending all 3 case numbers (above) as one" (Doc. 15, 16) filed by Plaintiff James Fitzpatrick. The Court will grant the request to amend and deny all other requests.

**Request for Appointment of Counsel:** There is no right to appointment of counsel in a civil rights case. Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corrections Corp. of America,* 331 F.3d 1164, 1169 (10th Cir.2003); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir.1988). In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir.2004). The Court has reviewed the complaint and subsequent filings in light of the foregoing factors. Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the letter request for appointment of counsel (Doc. 2).

**Motion to Amend:** Plaintiff Fitzpatrick has filed a letter request seeking to amend his Complaint. (Doc. 5). Under Fed. R. Civ. P. 15(a), a party may amend his pleading one as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). Plaintiff Fitzpatrick's request to amend was submitted to the Court less than 21 days after filing of his original Complaint. Therefore, Fitzpatrick may amend as a matter of right under Rule 15, and the Court will accordingly grant his letter motion to amend.

**Motions to Compel:** Plaintiff Fitzpatrick has filed two letter motions to compel. (Doc. 7, 9). Because Plaintiff is a prisoner proceeding pro se, the Court is obligated to conduct a preliminary screening of the Complaint. *See* 28 U.S.C. § 1915A. Whenever a prisoner brings a civil action against government officials, the Court is obligated to screen the prisoner's complaint or petition. 28 U.S.C. § 1915A. Section 1915A states:

> "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."
> . . .
> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b). Requests for service of process, discovery, to compel, or to submit proof are premature and unavailable prior to the Court's completion of its screening obligation. *See Jones v. Bock,* 549 U.S. 199, 213-214 (2007). If Plaintiff's Complaint is not dismissed on initial screening, the Court will enter further orders governing service of process, discovery, and scheduling. The Court will deny Plaintiff Fitzpatrick's letter motions to compel as premature.

**Requests to Consolidate Cases as One:** Plaintiff Fitzpatrick has also filed two letters "[a]mending all 3 case numbers [CV 18-00706, CV 18-00730, and CV 18-00735] as one." (Doc. 15, 16). The Court construes the letters as requests to consolidate and amend the three pending cases. The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the court. *Shump v. Balka,* 574 F.2d 1341, 1344 (10th Cir.1978). In deciding whether to grant a motion to consolidate, the court should initially consider whether the cases to be consolidated involve a common question of law or fact. If there is a common question, the court should weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause. See *Servants of the Paraclete v. Great American Insurance Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994). The purpose of Rule 42(a) is to give the court broad discretion to decide how cases on its docket are to be administered to promote expedition and economy while providing justice to the parties. Where consolidation will not promote convenience and economy in case administration, the Court properly denies a motion to consolidate. *Shump v. Balka*, 574 F.2d at 1344.

Plaintiff Fitzpatrick chose to file three separate complaints on Prisoner's Civil Rights Complaint forms. *See* Doc. 1 in CV 18-00706, CV 18-00730, and CV 18-00735. Although there may be some overlap among them, each of the Prisoner's Civil Rights Complaints appears to be primarily directed against different defendants and involves different underlying events or transactions. The Court concludes that consolidation will not promote economy or convenience in case administration and will deny the letter requests.

**IT IS ORDERED:**

(1) the letter request for appointment of counsel filed by Plaintiff James Fitzpatrick (Doc. 3) is **DENIED;**

(2) the letter motion to amend the complaint filed by Plaintiff Fitzpatrick (Doc. 5) is **GRANTED;**

(3) the letter motions to compel filed by Plaintiff James Fitzpatrick (Doc. 7, 9) are **DENIED;** and

(4) the two letters "Amending all 3 case numbers (above) as one" (Doc. 15, 16) are **DENIED**.

_____
UNITED STATES MAGISTRATE JUDGE