IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES FITZPATRICK,

      Plaintiff,

vs.                                        No. CV 18-00735 MV/JFR

BETTY JUDD, ROLANDO VALENCIA,
C.O. BILLY, CORE CIVIC (CCA),
CENTURIAN MEDICAL (LLC & ALL
CENTURIAN MEDICAL EMPLOYEES),
CORE CIVIC (CCA) ADMINISTRATIVE
CORPORATION TENN, PNM GERMAN
FRANCO DIRECTOR OF PRISONS,

      Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

THIS MATTER is before the Court on the Prisoner's Civil Rights Complaint ("Complaint") filed by Plaintiff James Fitzpatrick. (Doc. 1). The Court will dismiss the Complaint without prejudice for failure to comply with a Court order and failure to prosecute the proceeding.

Plaintiff is a prisoner proceeding pro se and *in forma pauperis.* (Doc. 1, 19). Fitzpatrick is serving a 15-year sentence in the custody of the New Mexico Department of Corrections. *See, Fitzpatrick v. Ninth Judicial Dist. Court,* 2020 WL 209318, at *1 (D.N.M. 2020). Plaintiff brings his Complaint under 42 U.S.C. § 1983 alleging deprivation of his constitutional rights arising out of the conditions of his incarceration. (Doc. 1 at 2, 4-5).[1] Plaintiff names as Defendants Warden Betty Judd, Associate Warden Rolando Valencia, C.O. Billy, Core Civic ("CCA"), Centurian

---

[1] The Court takes notice that this is one of five prisoner civil rights claims brought by Plaintiff making similar and overlapping claims. Plaintiff's prior cases have all been dismissed. *See Fitzpatrick v. Board of Cty. Comm'rs of Curry Cty.,* No. CV 13-00013 JAP/RHS; *Fitzpatrick v. New Mexico Dep't of Corr.,* No. CV 17-01042 KG/SMV; *Fitzpatrick v. Judd,* No. CV 18-00730 RB/CG; and *Fitzpatrick v. Judd*, No. CV 18-00706 JCH/GBW.  *Duhart v. Carlson,* 469 F.2d 471, 473 (10th Cir. 1972) (nothing that the court may take judicial notice of its own records).

1

Medical LLC, All Centurian Medical Employees, CCA Administrative Corporation Tenn, PNM, and Director of Prisons German Franco.  (Doc. 1 at 1).

Fitzpatrick alleges a number of generalized claims, as follows:

(1) no psych evaluation from psych nurse;
(2) emergency dental care;
(3) Associate Warden Rolando Valencia tore up and threw away medical diet;
(4) reasonably adequate medical care;
(5) certain medical personnel failure to treat in a timely manner;
(6) Centurian, Core Civic, and PNM in collusion to deprive inmates of medical care for profit.

(Doc. 1 at 4).  His Complaint contains very few specific factual allegations to support his claims.  *See* Doc. 1 at 4-5.  Fitzpatrick seeks damages in the amount of $5,000 from each person named as a Defendant, $500,000 from CCA, $500,000 from Centurian Medical, and $500,000 from New Mexico Corrections Department.  (Doc. 1 at 11).

In his Complaint, Plaintiff Fitzpatrick indicates that he has not exhausted his prison grievance remedies.  (Doc. 1 at 7).  He expressly states that he has not exhausted because (1) "[u]nder constitutional law, administrative remedies do not apply to constitutional rights" and (2) "(Core Civic (CCA) does not answer most grievances.)"  (Doc. 1 at 7).

Plaintiff filed a Motion to Amend, seeking leave of the Court to amend his Complaint. (Doc. 23).  On March 13, 2020, the Court granted the Motion to Amend under Rule 15(a)(2) of the Federal Rules of Civil Procedure and ordered Plaintiff to file the amended complaint within ninety (90) days of entry of the Order. (Doc. 25 at 3-4).  The Court also explained the standard for stating a § 1983 claim and directed Plaintiff to use the official prisoner civil rights complaint form and include all relevant allegations in a single, legible document as required by Rule 8 of the Federal Rules of Civil Procedure.  (Doc. 25 at 3-4).  The Court's March 13, 2020 Order also required Plaintiff to show cause why the case should not be dismissed based on his failure to

exhaust administrative remedies. (Doc. 25 at 4-7). The Court set a deadline of 90 days for Plaintiff to file an amended complaint and to show cause why the case should not be dismissed. (Doc. 25 at 7).

More than 90 days have elapsed since entry of the Court's March 13, 2020 Order. Plaintiff has not filed an amended complaint, has not shown cause, has not responded to the March 13, 2020 Order, and has not communicated with the Court. The Court may dismiss a proceeding under Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with statutes or rules of civil procedure, failure to comply with court orders, and failure to prosecute. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). The Court will dismiss pursuant to Rule 41(b) for failure to comply with comply with the Court's Order of March 13, 2020 and failure to prosecute this proceeding.[2]

**IT IS ORDERED** that the Prisoner's Civil Rights Complaint filed by Plaintiff James Fitzpatrick (Doc. 1) is **DISMISSED without prejudice** under Rule 41(b) for failure to comply with the Court's March 13, 2020 Order and failure to prosecute.

_____
MARTHA VAZQUEZ
United States District Judge

---

[2] The Court does not reach the issue of whether this case should be dismissed for failure to exhaust administrative remedies.